IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DYLAN BIGBIE,** *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00077-M-BP |
| § | |
| **EOG RESOURCES, INC.,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Chief United States District Judge Barbara M. G. Lynn referred this case to the undersigned by Order dated November 1, 2019. ECF No. 7. Before the Court are Defendant EOG Resources, Inc.'s 12(B)(5) Motion to Dismiss for Insufficient Service of Process, supporting Brief, and Appendix, ECF Nos. 4, 5, and 6, filed October 22, 2019, and Plaintiff's Response to Defendant's Motion to Dismiss and Request for Additional Time Pursuant to F.R.C.P. 4(m), ECF No. 8, filed on November 12, 2019. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Defendant's Motion and **ORDER** Plaintiff to effect service of the Complaint or file a proper waiver of service on or before December 12, 2019.

### I. BACKGROUND

Plaintiffs filed their Complaint on July 2, 2019, alleging violations of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, *et seq.*, breach of contract, and fraud. Although required by Federal Rule of Civil Procedure 4(m) to effect service on the defendant, or obtain a waiver, within ninety days after the Complaint was filed, Plaintiffs failed to do so. In its Motion and supporting Brief, Defendant requests that the Court dismiss the case under Fed. R. Civ. P. 12(b)(5)

because of Plaintiff's failure to timely serve the Complaint and the lack of good cause for not doing so. *See* ECF No. 5 at 3-5. Plaintiffs' counsel responds that did not timely serve the Complaint because he was attempting to negotiate a resolution of this case short of moving forward with the litigation. *See* ECF No. 8 at 2.  He asks that the Court permit him to serve Defendant, or secure a waiver of service, within thirty days of the date of his responding to Defendant's Motion. *Id.* He also notes that Defendant would not be prejudiced by an extension of the service date, and Plaintiffs might be harmed if the Court dismissed the case for failure to serve because of the passage of time and the statutes of limitation applicable to the Plaintiffs' claims. *Id.*

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v.*

*Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Counsel for Plaintiffs' explanation of why he did not serve the Complaint or obtain a waiver of service within ninety days of filing satisfies the legal requirement to show good cause. He explained that he was attempting to resolve the case before proceeding forward and did not assert simple neglect, mistake, or ignorance of the rules of procedure. Although counsel could have served the Complaint earlier, he had a plausible explanation for not doing so, and the Court finds that there was good cause for his delay in this case. Accordingly, the undersigned recommends that the Court deny Defendant's Motion and extend the time for Plaintiff to effect service until December 12, 2019, which is thirty days after Plaintiffs filed their Response to the Motion. Even if the Court were to find that good cause did not exist, the undersigned still would recommend that the time for service be extended. Defendant would not be prejudiced if Plaintiffs' deadline for serving the Complaint is extended, but Plaintiffs could be harmed by the delay caused by dismissal and refiling of their claims. Under those circumstances, the Court should exercise its discretion by extending the time for service instead of dismissing the case without prejudice.

### III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Defendant's 12(B)(5) Motion to Dismiss for Insufficient Service of Process, ECF No. 4, and **ORDER** Plaintiff

to effect service of the Complaint or file a proper waiver of service on or before December 12, 2019.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **November 13, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE