IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DYLAN BIGBIE**, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00077-M-BP |
| § | |
| **EOG RESOURCES, INC.**, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is an employment dispute involving alleged failure to pay overtime. Chief United States District Judge Barbara M. G. Lynn referred the case to the undersigned for pretrial management by Order dated November 1, 2019. ECF No. 7. Before the Court are Defendant's 12(b)(6) Partial Motion to Dismiss and Brief in Support, ECF Nos. 15 and 16, filed January 6, 2020; Plaintiffs' Response and Brief in Support, ECF No. 19 and 20, filed January 27, 2020; and Defendant's Reply, ECF No. 21, filed February 10, 2020. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Partial Motion to Dismiss, **DISMISS** Plaintiffs' state-law claims against Defendant **WITHOUT PREJUDICE**, and allow Plaintiffs an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Findings, Conclusion, and Recommendation within the fourteen days allotted for objections to this recommendation. If Plaintiffs file an amended complaint within that time period, the Motion should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint. Chief Judge Lynn also should **DENY** Defendant's request for attorneys' fees and costs incurred in filing the Motion.

I.  **BACKGROUND**

The following alleged facts are taken from Plaintiffs' Complaint. ECF No. 1. Plaintiffs worked for Defendant EOG Resources, Inc. ("EOG") under the job title of "Lease Operator" until their termination on or about July 20, 2018. ECF No. 1 at 3. EOG allegedly developed a scheme to avoid paying its employees and contract workers at an overtime rate, regardless of hours actually worked in a week. *Id.* Specifically, EOG supervisors informed these workers that they should not record more than eight hours of work per day, regardless of the hours worked. *Id.* at 3-4. If they worked more than forty hours in a work week, EOG supervisors instructed them to officially record and get paid for only forty hours and take the additional uncompensated hours as "comp time" later. *Id.* at 4.

Additionally, EOG management personnel made it clear that participation in its plan to avoid overtime pay was mandatory and that failure to comply would result in termination. *Id.* Lodging complaints regarding failure to pay overtime also would result in termination. *Id.* at 3. Further, the management falsely led Plaintiffs to believe that it would not use the GPS-enabled monitoring devices installed in the company vehicles to monitor work time, when in fact management did so. *Id.* at 5. Plaintiffs were terminated after EOG discovered a disparity between the number of hours they claimed to work and the travel information recorded by the GPS-enabled monitoring devices. *Id.*

Plaintiffs allege four causes of action in their Complaint: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"); (2) wrongful termination under the FLSA and Texas law; (3) breach of contract; and (4) common law fraud. EOG argues in its Motion that the Court should dismiss Plaintiffs' wrongful termination, breach of contract, and common law fraud claims because Plaintiffs fail to state a claim upon which relief can be granted. ECF No. 16

at 6. It avers that it will move to dismiss Plaintiffs' FLSA overtime claim at a later stage, noting that Rule 12(b)(6) is not the proper vehicle to challenge this claim. *Id.* at 8.

EOG alleges that Plaintiffs cannot state a claim for wrongful termination under the FLSA because such a cause of action does not exist under the statute and case law interpreting it. *Id.* Additionally, it argues that Plaintiffs cannot state a claim for wrongful termination under Texas law because they cannot establish an exception to the employment at-will doctrine. *Id.* EOG further contends that the FLSA preempts Plaintiffs' claims for breach of contract and fraud. *Id.* Plaintiffs respond that their Complaint supports a cause of action pursuant to the FLSA because EOG's actions amount to unlawful retaliation. ECF No. 20 at 5. Further, they contend that their state law breach of contract and fraud claims are not preempted because they "stand as an alternate theory of recovery separate and apart from [their] claims for overtime pay and damages for retaliation under the FLSA." *Id.* at 6. The issues have been fully briefed, and the Motion is ripe for determination.

## II.   LEGAL STANDARD

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citations omitted)).

### III. ANALYSIS

#### A. Plaintiffs cannot state a claim for wrongful termination under the FLSA.

EOG asserts that Plaintiffs' wrongful termination claim under the FLSA fails as a matter of law and should be dismissed because "'[t]he FLSA does not create a separate cause of action for wrongful termination.'" *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 3:13-CV-2598-D, 2014 WL 66488, at *6 (N.D. Tex. Jan. 8, 2014); ECF No. 16 at 10. EOG argues that although the FLSA includes an anti-retaliation provision, it "does not create a cause of action for wrongful termination separate and apart from [this] provision." *Adams*, 2014 WL 66488, at *6.

In their Response, Plaintiffs argue that EOG's actions amounted to unlawful retaliation. ECF No. 20 at 4-5. They argue that the FLSA's retaliation provision makes it unlawful for an employer to discharge or discriminate against an employee because he or she filed a complaint or instituted a proceeding against it. *Id.* at 4. However, as EOG correctly points out, Plaintiffs did not plead a FLSA retaliation claim in their Complaint. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (citation and quotation marks omitted). Because the law does not recognize a FLSA wrongful termination claim, and Plaintiffs may not amend their Complaint in their Response to a Motion to Dismiss, Plaintiffs' claim for wrongful termination under the FLSA should be dismissed.

#### B. Plaintiffs fail to state a claim for wrongful termination under Texas law.

In Texas, an employer may "terminate an at-will employee without fear of legal repercussions for a good reason, a bad reason, or no reason at all." *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 502 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Cnty. of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007)). However, an employee cannot be terminated solely

for refusing to carry out an illegal act. *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). To establish a prima facie case of wrongful termination under *Sabine Pilot*, Plaintiffs must prove that (1) they were required to commit an illegal act punishable as a crime; (2) they refused to engage in the illegal act; (3) they were discharged; and (4) the sole reason for their discharge was their refusal to commit the illegal act. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). Plaintiffs have the burden to prove by a preponderance of the evidence that their termination was for no other reason than their refusal to perform an illegal act. *Sabine Pilot*, 687 S.W.2d at 735.

EOG argues that Plaintiffs failed to allege facts to show that it asked them to engage in an act that would subject them to criminal penalties. ECF No. 16 at 10. Further, it argues that Plaintiffs cannot plead such facts because the FLSA does not subject individual employees to criminal penalties. *Id.* Additionally, EOG contends that Plaintiffs' claim fails because they did not refuse to perform an allegedly illegal act, but instead complied with EOG's overtime policies. *Id.* at 11. Plaintiffs have not addressed EOG's arguments in their Response. EOG is correct that Plaintiffs failed to show that they refused to commit an act that would have subjected them to criminal penalties. In fact, Plaintiffs did not even allege that they were asked to perform such an act. Accordingly, their pleading against EOG under *Sabine Pilot* is deficient, and their wrongful termination claim under Texas law should be dismissed.

  **C.  The FLSA preempts Plaintiffs' breach of contract and common law fraud claims, and their fraud claim was not pleaded with specificity.**

EOG asserts that Plaintiffs' breach of contract and common law fraud claims fail because the FLSA preempts those claims. ECF No. 16 at 12. It argues that because Plaintiffs seek the exact same relief in these claims as in their FLSA claim—recovery of unpaid overtime—their claims are predicated on a violation of the FLSA and therefore should be dismissed. *Id.* at 12-13.

6

The Fifth Circuit found that the FLSA did not completely preempt state law claims in the only case that it has considered on this point. *See generally Casey v. Rainbow Group Ltd.*, 109 F.3d 765 (5th Cir. 1997). However, district courts in this circuit have found FLSA preemption of state law claims that are predicated on violations of the FLSA. The Southern District of Texas held that the FLSA preempted the plaintiff's breach of contract claim to the extent she sought unpaid minimum wages or overtime compensation because she "relie[d] on the FLSA with respect to her right to receive fair wages, and invoke[d] Texas contract law only as the source of remedies for the alleged infringement of that right." *Lilani v. Noorali*, No. CIV.A. H-09-2617, 2011 WL 13667, at *8 (S.D. Tex. Jan. 3, 2011). In an Eastern District of Texas case, the court held that the FLSA preempted the plaintiff's claims for *quantum meruit*, unjust enrichment, and breach of contract because they were predicated on the defendant's alleged violation of the FLSA. *Guerrero v. JPMorgan Chase & Co.*, No. 6:09CV388, 2010 WL 457144, at *4 (E.D. Tex. Feb. 5, 2010). Finally, the Northern District of Mississippi found that the FLSA preempted the plaintiffs' claims for overtime and minimum wages "because the right to such wages arises under the FLSA, and that Act affords a remedy for the same." *Newsom v. Carolina Logistics Servs., Inc.*, No. 2:11CV172-DCB-JMV, 2012 WL 3886127, at *3 (N.D. Miss. Sept. 6, 2012).,

Plaintiffs' breach of contract and fraud claims are duplicative of their FLSA claim. They are predicated on EOG's alleged failure to compensate Plaintiffs for their overtime hours, which is a requirement imposed by the FLSA. Because the FLSA offers exclusive remedies for violations of its provisions, Plaintiffs' FLSA-based state law claims are thereby preempted. Accordingly, Plaintiffs' claims for breach of contract and fraud should be dismissed.

EOG further contends that, even if Plaintiffs' fraud claim was not preempted, it should be dismissed because it was not pleaded with particularity. ECF No. 16 at 14. Pleading fraud with

enough detail to satisfy Federal Rule of Civil Procedure 9(b) requires the pleader to identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be laid out. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

Plaintiffs allege that EOG defrauded them by falsely leading them to believe that they could account for overtime hours worked in one work week by taking a corresponding number of hours off in other weeks and that the GPS tracking systems installed in company vehicles were not meant to track the hours they worked. ECF No. 1 at 8-9. However, Plaintiffs provided little factual detail to support their claims. They failed to identify the EOG employee who made the alleged misrepresentations. Nor did they establish when, where, or how the misrepresentations occurred. They did not plead whether the EOG employee made the misrepresentations with the intent to defraud them. As a result, Plaintiffs' Complaint does not meet Rule 9(b)'s heightened pleading standard, and dismissal of their fraud claim is appropriate for this additional reason. *See R & L Inv. Prop., LLC v. Hamm*, No. 3:10-cv-00864-M, 2011 WL 2462102, at *4 (N.D. Tex. June 21, 2011) (dismissing fraud claim when plaintiff failed to specify who made the advertisement, when it was made, how it was provided, and where it was presented); *Ryan v. Brookdale Int'l Sys. Inc.,* No. CIV. A. H-06-01819, 2008 WL 2405970, at *3 (S.D. Tex. June 11, 2008) (dismissing claim for fraud, in part, because plaintiff failed to state with specificity a factual basis for fraudulent intent beyond mere speculation).

### D. EOG is not entitled to attorneys' fees and costs.

EOG moves for an award of attorneys' fees and costs incurred in preparing its Partial Motion to Dismiss. In support of this request, EOG asserts that Plaintiffs' counsel caused unnecessary expense by refusing to respond to EOG's counsel's request for further information concerning Plaintiffs' wrongful termination, breach of contract, and fraud claims. ECF No. 16 at 15. Under 28 U.S.C. § 1927, the Court may impose sanctions in the form of attorneys' fees and costs against "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously. . . ." Proving that the behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citation omitted). The phrase "unreasonably and vexatiously" is described as:

> [C]onduct that, when viewed under an objective standard, is harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense, or position that is or should be known by a lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation.

*Western Fidelity v. Bishop*, 2001 WL 34664165, at *22 (N.D. Tex. June 26, 2001). The Fifth Circuit has held that "punishment under § 1927 is sparingly applied." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (citations and quotation marks omitted). This is because sanctions under § 1927 are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Id.* (citations and quotation marks omitted).

Judged against these standards, an award of attorneys' fees and costs is not warranted here. Although Plaintiffs' Complaint against EOG is deficient in the ways discussed above, that alone does not mean that Plaintiffs' claims were asserted in bad faith. Moreover, Plaintiffs were not obligated to amend their complaint simply because EOG took issue with it. Although EOG's Motion should be granted, the Plaintiffs still should be permitted to amend their Complaint to

address the deficiencies noted, if they are able to do so. Thus, EOG's request for attorneys' fees and costs should be denied.

## IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** EOG's Partial Motion to Dismiss, ECF 16, **DISMISS WITHOUT PREJUDICE** Plaintiffs' claims against EOG, and allow Plaintiffs an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Findings, Conclusions, and Recommendation within the fourteen days allotted for objections to this recommendation. If Plaintiffs file an amended complaint within that time period, the Motion should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint. EOG's request for attorneys' fees and costs incurred in filing the Motion should be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    Signed May 27, 2020.

                                                                                                     _____
                                                                                                   Hal R. Ray, Jr.
                                                                                                   UNITED STATES MAGISTRATE JUDGE