IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DYLAN BIGBIE**, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 7:19-cv-00077-M-BP |
| | § | |
| EOG RESOURCES, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Chief United States District Judge Barbara M. G. Lynn referred this wage and hour case to the undersigned for pretrial management by Order dated November 1, 2019. ECF No. 7. Before the Court is Defendant's Rule 41(B) Motion to Dismiss for Failure to Prosecute filed on January 21, 2021. ECF No. 37. Pursuant to the Court's Order dated February 19, 2021 setting Defendant's Motion for a hearing, the Court held a hearing on the Motion on March 23, 2021. No one appeared for the hearing other than counsel for Defendants. After considering the Motion, applicable legal authorities, and the arguments of counsel for Defendants at the hearing, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Rule 41(B) Motion to Dismiss for Failure to Prosecute (ECF No. 37) and **DISMISS** the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure unless Plaintiffs and Plaintiffs' counsel show cause why the case should not be dismissed within the fourteen-day period provided for objections to these findings, conclusions, and recommendation or such other time set by the Court.

I.      BACKGROUND

Although Plaintiffs and their counsel prosecuted this case up to a point, they have not done so since December 2020. Nor have they complied with an order compelling discovery and orders

setting telephonic and in-person hearings. On December 11, 2020, Defendant filed a Motion to Compel Discovery Responses, seeking an order compelling Plaintiffs to respond to Defendant's First Set of Interrogatories and First Requests for Production served on each individual Plaintiff. ECF No. 29 at 1. According to Defendant, counsel for Plaintiffs requested an extension to respond to such discovery requests from September 24, 2020 to October 8, 2020, which counsel for Defendant granted. *Id.* at 1-2. Counsel for Plaintiffs never served responses to those requests despite several contacts from Defendant's counsel. *Id.* at 2. The Court ordered Plaintiffs to respond to the Motion to Compel by December 18, 2020 and set a telephonic hearing on the Motion for December 21, 2020. ECF No. 30. Plaintiffs never filed a response to the motion.

On December 15, 2020, Defendants filed a Motion to Extend Deadlines and Motion to Compel Plaintiffs' Depositions. ECF No. 31. By Order dated December 16, 2020, the Court set this Motion for hearing at the same time as the previous Motion. ECF No. 32. The Court further ordered lead counsel for the parties to confer before the hearing to attempt to narrow the scope of the dispute and the issues that the Court would have to decide. *Id.* According to counsel for Defendant, Plaintiffs' counsel did not reply to requests sent to him by counsel for Defendant to confer as ordered by the Court. Nor did Plaintiffs file a response to Defendant's second motion.

On December 21, 2020, at the appointed time for the telephonic hearing on Defendant's two Motions to Compel, the Court convened the hearing. No one appeared for the hearing other than counsel for Defendant. The Court requested counsel to attempt to call counsel for Plaintiffs, but there was no answer at the telephone number of record, and counsel for Defendant left a message. The Court granted Defendant's Motion to Compel Written Discovery and held in abeyance its Motion to Extend Deadlines and Motion to Compel Plaintiffs' Depositions. ECF No. 34. The Court ordered Plaintiffs to serve full and complete responses to Defendant's written

discovery requests by January 4, 2021. *Id.* at 2. The Court warned Plaintiffs that failure to comply with the Court's Order may result in a recommendation that their case be dismissed for want of prosecution or failure to comply with a Court order as provided in Federal Rule of Civil Procedure 41(b). *Id.*

The Court also set another telephonic hearing for January 19, 2021 on Defendant's Motion to Extend Deadlines and Motion to Compel Plaintiffs' Depositions. ECF No. 35. On the date and time set for that telephonic hearing, counsel for Defendant appeared, but counsel for Plaintiffs again failed to appear. ECF No. 36. Counsel for Defendant informed the Court that counsel for Plaintiffs had not served discovery responses as ordered by the Court and had not responded to any telephone messages left for him or electronic mail messages sent to him.

Thereafter, on January 21, 2021, Defendant filed the pending Rule 41(B) Motion to Dismiss for Failure to Prosecute. ECF No. 37. On January 25, 2021, the Court ordered Plaintiffs to respond to the Motion on or before February 11, 2021. ECF No. 38. Plaintiffs failed to file a response. On February 19, 2021, the Court set the Motion for an in-person hearing on March 23, 2021 at 2:00 p.m. ECF No. 39. The Court also ordered Defendant to file a certificate containing the last known mailing addresses of the Plaintiff on or before March 1, 2021. *Id.* On March 1, 2021, counsel for Defendant filed the certificate as ordered. ECF No. 40.

By Order dated March 3, 2021, the Court ordered Defendant to serve a copy of the pending Rule 41(B) Motion and a copy of that Order on each individual Plaintiff at his last known address via Certified United States Mail, Return Receipt Requested, and by First Class United States Mail, on or before March 4, 2021. ECF No. 41 at 1. The Court also ordered Defendant to serve a copy of the Motion and Order on certain Plaintiffs in care of their prior employer, Renegade Well Services, LLC, at its last known address. *Id.* Finally, the Court ordered the Clerk of Court to mail

a copy of the Court's Order and its previous Order dated February 19, 2021 (ECF No. 39) to such plaintiffs at their last known addresses shown in the certificate filed by Defendant. *Id.* at 2.  On March 11, 2021, Defendant filed its Notice of Compliance with the Court's March 3, 2021 Order. ECF No. 42.

Despite these extensive efforts to notify Plaintiffs and their counsel of the hearing on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) set for March 23, 2021, neither Plaintiffs' counsel nor any of the individual Plaintiffs appeared for the hearing.

## II.     LEGAL STANDARDS

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

### III.   ANALYSIS

Plaintiffs and their counsel have been given ample opportunity to comply with the Court's previous orders compelling discovery and setting hearings on Defendant's Motions to Compel and the pending Motion to Dismiss for Want of Prosecution. Plaintiffs and Plaintiffs' counsel have wholly failed to comply with the Court's previous orders setting hearings and compelling discovery and have ignored all attempts to notify them of the hearing set on March 23, 2021. The undersigned is at a loss to understand the complete lack of response from the Plaintiffs and their lawyer.

Although Plaintiffs and Plaintiffs' counsel have failed to comply with the Court's orders as outlined above, subjecting Plaintiffs' Amended Complaint to dismissal with prejudice under Rule 41(b) is not warranted here. However, dismissal at this time may have the effect of a dismissal with prejudice since Plaintiffs allege that Defendant wrongfully terminated them on or about July 28, 2018. *See* ECF No. 26 at 2, ¶ 3. Nevertheless, the Court has ordered Plaintiffs to serve discovery responses and to file responses to Defendant's motions and has further set Defendant's motions for telephonic and in-person hearings, all to no avail.

### IV.   CONCLUSION

Because Plaintiffs have failed to comply with the Court's orders and have not prosecuted this case after December 2020, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendant's Rule 41(B) Motion to Dismiss for Failure to Prosecute (ECF No. 37) and **DISMISS** Plaintiffs' case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders unless Plaintiffs and Plaintiffs' counsel show cause why the case should not be dismissed within the fourteen-day

period provided for objections to these findings, conclusions, and recommendation or such other time set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 24, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE